UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY WHITE,

    Plaintiff,

v.                                        Case No.:  8:22-cv-2840-SCB-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) on May 25, 2023. (Doc. 21). Plaintiff states that the Commissioner does not object to the relief requested. (*Id.* at 1, 4-5).[1] The matter was referred to the Undersigned for a Report and Recommendation. Because the relief requested is not contested or opposed, (*see* Doc. 21 at 1), the Undersigned deems this matter to be ripe for consideration before the response period prescribed by M.D. Fla. R. 3.01(c) expires. For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for

---

[1] The motion does not comply fully with Local Rule 3.01(g). Given the nature of the request and the apparent comprise between the parties, (*see* Doc. 21 at 4-5, 7), the Undersigned accepts the filing notwithstanding the failure. Nevertheless, the Undersigned admonishes counsel that further motions filed before this Court must comply fully with the Local Rules, including M.D. Fla. R. 3.01(g).

Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (Doc. 21).

## PROCEDURAL BACKGROUND

On March 22, 2023, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Commissioner to: "further consider the evidence and issue a new decision." (Doc. 17 at 2; *see also* Doc. 16 at 2). Thereafter, on May 25, 2023, Plaintiff filed the request *sub judice* seeking an award of $1,546.61 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 21 at 1, 4-5, 7).[2]

The Undersigned evaluates Plaintiff's request for fees under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust.

---

[2] The motion explains that the requested amount is a compromise between the parties and the disposition of this issue is not intended to impact any claim for fees under 42 U.S.C. § 406(b). (Doc. 21 at 4-5, 7). Because Plaintiff is not ultimately seeking any costs, the Court need not address the propriety of the initially requested costs. (*See* Doc. 21 at 4-5; *see also* Doc. 19 (requesting *inter alia* $150.00 in costs for the *pro hac vice* filing fee)).

28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010).

### A. Plaintiff's Request Is Timely.

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on March 22, 2023, (Doc. 18), and Plaintiff filed Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) less than ninety (90) days later on May 25, 2023, (Doc. 21). Therefore, the Undersigned finds that Plaintiff timely filed Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (Doc. 21). *See Myers*, 916 F.2d at 672.

### B.     Plaintiff Meets All Other Requirements Under the EAJA.

The Commissioner does not contest that Plaintiff meets the remaining requirements under the EAJA. (Doc. 21 at 1, 5). Upon consideration of the record and the representations in Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) and supporting materials (Doc. 21 at 9-10, 24), the Undersigned finds that all other requirements under the EAJA for a fee award are met. *See* 28 U.S.C. § 2412(d); *Jean*, 496 U.S. at 158.

### C.     The Hours Expended, the Hourly Rate Requested, and the Resulting Fees Requested Are All Reasonable.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly

complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel states that counsel expended eight hours in this case. (*See* Doc. 21 at 4, 7, 22). Further, Plaintiff's counsel requests the hourly rate(s) of $236.25. (*Id.* at 4, 7). After a careful review, the Undersigned finds that the number of hours expended is reasonable and that the hourly rates requested are reasonable, customary, and appropriate under controlling law.

Plaintiff seeks a total fee award in the amount of $1,546.61. (*See* Doc. 21 at 1, 4). In seeking this award, Plaintiff explains that his total fee award would have been $1,890.02, calculated as follows:

8 hours x $236.25/hour = $1,890.02

(*See* Doc. 21 at 4, 7). However, Plaintiff explains that, as a result of a compromise between Plaintiff and Defendant, Plaintiff seeks a fee award of $1,546.61. (Doc. 21 at 4-5, 7). Upon review, and in light of the compromise between the parties, the Undersigned finds that the resulting fees are reasonable, and recommends that attorney's fees be awarded to Plaintiff in the amount of $1,546.61, as requested.

    **D.**    **Payment May Be Made to Plaintiff's Counsel.**

Plaintiff also filed an executed Fee Agreement Federal Court Litigation for SSDI and/or SSI Claim, (Doc. 21 at 19), and an executed Plaintiff's Declaration and Assignment of EAJA Fee, (*id.* at 24). Both documents appear to include an assignment of EAJA fees to Plaintiff's counsel. (*See* Doc. 21 at 19 ("I hereby promise to pay and I hereby assign any court-awarded EAJA attorney fees to my attorney.");

5

Doc. 21 at 24 ("I assign any right or interest I may have in the award of an EAJA fee and understand that the EAJA fee shall be paid to my attorneys.").

Upon review of Plaintiff's motion, however, Plaintiff fails to demonstrate that his assignment of EAJA fees satisfies 31 U.S.C. § 3727.  *See Guzman Rivera v. Comm'r of Soc. Sec.*, No. 6:19-cv-1766-Orl-18GJK, 2020 WL 4289427, at *1 (M.D. Fla. July 7, 2020), *report and recommendation adopted*, 2020 WL 4287595 (M.D. Fla. July 27, 2020); *see also Alvarado v. Comm'r of Soc. Sec.*, No. 6:20-cv-1642-GKS-LRH, 2022 WL 317026, at *3 (M.D. Fla. Jan. 5, 2022), *report and  recommendation adopted*, 2022 WL 310199 (M.D. Fla. Feb. 2, 2022) (citing *Crumbley v. Colvin*, No. 5:13-cv-291 (MTT), 2014 WL 6388569, at *5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013)).  Thus, while Plaintiff requests that "the government accept the assignment of EAJA fees" assuming Plaintiff does not owe a debt to the Government, (Doc. 21 at 15-16), the Undersigned finds that it would be inappropriate to order the Government to abide by Plaintiff's assignment.  Rather, the Undersigned recommends allowing the Government to exercise its discretion in determining whether the fees should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.  *Guzman Rivera*, 2020 WL 4289427, at *2 n.2 ("The Commissioner may elect to waive the application of [31 U.S.C. § 3727] to the fee award." (citing *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934 (6th Cir. 2017))).

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1. That Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (Doc. 21) be **GRANTED IN PART AND DENIED IN PART** as set forth below.

2. That the Court award Plaintiff $1,546.61 in attorney's fees.

3. That the motion be denied to the extent it seeks any greater or different relief.

4. That the Court direct the Clerk of Court to enter an appropriate judgment for fees in Plaintiff's favor accordingly.

Respectfully recommended in Chambers in Tampa, Florida on May 25, 2023.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties